Peck, J.
Lowry has probably a right to redeem up to the 28th of July 1833, by paying the whole amount of the purchase money, and ten per cent advance upon the sum of $3523, the bid of M’Dermott, and the amount of the debt due to Henderson on the mortgage. But Lowry cannot pay that amount, though he can indemnify the purchaser and save himself of the payment of $3100, part of the sum secured upon the land. How is the conscience of the parties affected, touching the question raised by the motion before the court? M’Dermott stands between these parties; he pays no money; M’Gee is the purchaser, for he advances the money, and he is secure in his money, for he has the title; but if he hold on upon it, as it stands, then it is an injury to both Henderson and Lowry, opening the biddings being denied.
But I will look to the case of Lowry alone, under the application. Open the biddings, and he is saved as to all but a trifle of the whole debt against him. What is opening the biddings but a redemption, or at least that which is tantamount to it? It is done in accordance with *242 ; the acts of assembly, and equity should follow the law; it is done upon terms, before the parties, and before the court. The parties seek to have the money, and ask the court to provide the means out of the fund on which the lien rests. Time cannot be material, so long as a portion of the money is not made, and the means at hand. If Lowry, at law, could redeem for all, can he not do justice to himself and Henderson by an advance of 100 per cent? He, it is said, comes too late under the act to redeem; this may be, and is a vexed question; the court can settle it by opening the biddings, and controlling the title; and being a vexed question, is a conclusive ground to settle it by opening the biddings.
I will look at the subject in another view. Henderson is a creditor, and will not redeem under the act; Low-ry, the debtor, cannot; but Lowry, though he cannot do this for himself under the act, asks for that which runs all forms with the act, and that within time; for if he is within the two years for redemption, and proposes an equitable rule to do justice in the stead of a legal one, will the court withhold it? It is said we have had no such practice hitherto. Answer: the law of redemption is a new law in our code, and the rule of equity asked for, though within it, had no operation. Should it not nowoper.ate in' accordance with the equitable principles the act in-grafts upon our system? Where is there even a technical rule that stands in the way of this ? Our practice in chancery should conform (no other practice being provided by our statutes) to that of the English court of chancery. That court will, and uniformly has opened biddings upon advance of price, with circumstances. What advance of price? Less, greatly less, than the present offer. What are the circumstances? I answer, combination between the pretended purchaser, M’Dermott, and M’Gee, whose agent he was, and Henderson, who claims part of the debt, and will not redeem. If it be against conscience for M’Dermott to make upwards of $3000 by the favour- *243 itism of the two he acted for, and that Lowry shall lose . ’ J it; if it be right to do it when M’Dermott pays no one a cent, I cannot see the rule by which the conclusion is carried out.
The technical rule is predicated upon the fact that the sale is confirmed. How is this rule in a case where the act of assembly authorizes a redemption at law? There is none in the way. Wherefore, in proceeding upon the motion before us, shall the rule be forced from this’court, which if allowed does away the necessity of a bill to redeem, and does ample justice between the parties ? He who comes within the two years to open the biddings upon error j can do it, and reasonable advances ought to be received to effectuate the object of our redemption acts, to save the sacrifice of estates, and further litigation. This is not to be done under the act, but in accordance both with it and the rules of equity which open biddings. Under our acts of assembly, and our practice of conducting sales, the case is stronger for opening the biddings than in England, because all is in fieri until the two years have expired after confirmation. There is nothing to be found in any authority to the contrary of the grounds assumed in this motion. If we have courts of chancery, what shortens the arm of those courts' here? I answer, nothing. Justice is as precious in Tennessee as in England, and there is no reason why I shall withhold it, and discard one of the rules to attain it. I am then for having the rule entered and redemption allowed.
Catkon, Ch. J.
This is an application for a’rule to be entered to show cause why the biddings in this case shall not be opened, founded upon the petition and affidavit of John Lowry. Can this be done? After a sale by the master and that confirmed, the biddings cannot be opened, on the offer of a higher price alone, unless some circumstances of fraud, mistake or accident has occurred in the sale, or some trust relation exists between the parties, *244 to cause the purchaser to be discharged from the pur-chasej upon his money and costs being refunded. Sugden on Vendors, 45, 49: 8 Com. Dig. 263. This is admitted on the part of the petitioner. But it is insisted, that the fact of M’Dermo.tt’s purchasing without paying the master the money due the M’Gees is one circumstance, and his selling to John M’Gee, one of the parties, is another. Lowry’s debt, (the whole of it,) due the two M’Gees, was paid and discharged for Lowry,- by M’Dermott. How it was discharged matters nothing to Lowry. The decree of confirmation of the sale of July 1831, is as unexceptionable a discharge to Lowry of M’Gee’s debt, as if the purchaser had paid the master the money and he had paid over to the M’Gees. As toM’Der-mott then, the sale was valid, vested the legal title, and how it can be divested on motion by this court, it is difficult to perceive. As to him the sale cannot be set aside, as in 3 Johns. Chan. Rep. 260, nor can the biddings be opened according to any English or American authority. 4 Kent’s Com. 184-5. Open them as to M’Dermott, and you must set aside the sale to John M’Gee, and take from M’Dermott near three thousand dollars of the money he received, perhaps by the increase of value, by the lapse of time from March 1831 to this time.
John M’Gee had just as much right to purchase from M’Dermott as any other person had, and cannot be defeated in his purchase without endangering titles acquired at chancery sales. • If the motion were to prevail, no prudent man could rely on a title vesting under a decree such as'this. There are very many such. What application our redemption laws have to the parties and matters before the court, I will not say, as the statutes it is believed can have no bearing on the present motion. I think . the rule to show cause must be refused.
Green, J.
I differ with Judge Peck in his opinion upon the practice in chancery upon opening biddings after a *245 sale and confirmation, believing the circumstances of this case do not warrant the adoption of that clause; and concur with Judge Catron in deciding that the rules of chan-eery in this State do not authorize the biddings to be opened after a confirmation of the report of the master, except in cases which would justify the setting aside the sale altogether; but I agree with Judge Peck in the construction given by him to our statute of redemption of 1820, ch. 11, and believe that upon the equity of the statute, Lowry should be permitted to redeem within the time limited in the act, from the confirmation of the sale.
The court decreed as follows: “that Lowry be permitted to redeem within two years from the date of the confirmation of the master’s report, in the manner prescribed in the act of 1820, chapter 11, and that all other persons entitled under said act, should have all the rights provided thereby, in the same manner as though this sale had been made by virtue of a common law execution.”
Petition granted.